UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| DAMEON DALEY<br>FED. REG. #03558-017 | CIVIL ACTION NO. 2:10-CV-298 |
| | SECTION P |
| VS. | |
| | JUDGE MINALDI |
| J.P. YOUNG | MAGISTRATE JUDGE KAY |

REPORT AND RECOMMENDATION

Before the court is the *habeas corpus* petition filed on February 11, 2010 by *pro se* petitioner, Dameon Daley pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP) and he is currently incarcerated at USP-Lewisburg (USPL), Lewisburg, Pennsylvania. At the time of filing this petition, however, he was incarcerated at the Federal Corrections Institute, Oakdale, Louisiana (FCIO), and he complains about events that occurred when he was incarcerated at FCIO.[1] Petitioner names FCIO Warden J.P. Young as respondent herein.

Petitioner complains that his due process rights were violated in regard to an incident report issued March 11, 2009. More specifically, he states that in lieu of expunging an incident report, respondent ordered it reheard and rewritten, thus violating his due process rights. Petitioner also states that respondent's actions concerning the incident report caused his prison

---

[1] Jurisdiction must be judged as of the time a petition is filed. *Lee v. Wetzel*, 244 F.3d 370, 375 n. 5 (5th Cir.2001). Since petitioner was incarcerated in this district when he filed his petition, jurisdiction and venue over his § 2241 petition are proper. See *id.*; 28 U.S.C. § 2241(d).

stay to be extended by more than twenty-five (25) days

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## LAW AND ANALYSIS

Plaintiff filed a virtually identical pleading with this court on January 8, 2010. *Daley v. Young,* No. 2:10-cv- 40. In *Pittman v. Moore*, 980 F.2d 994-995 (5th Cir.1993), the court made the following observation:

> In *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.), *cert. denied*, 493 U.S. 969, 110 S.Ct. 417, 107 L.Ed.2d 382 (1989), this court held that in forma pauperis complaints may be dismissed as frivolous if they seek to relitigate claims that allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff. 878 F.2d at 850. *Wilson* did not discuss dismissal of pauper complaints that are duplicative of still-pending lawsuits filed by the same plaintiff, but it essentially held that pauper status does not entitle a plaintiff to avoid the ordinary rules of *res judicata*. Under § 1915(d), a pauper's complaint may be dismissed if the district court is "satisfied that the action is frivolous or malicious." The court here held that it is "malicious" for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff. We agree.
>
> In forma pauperis plaintiffs have no preferred status as litigants in respect to the procedures with which they must comply. A district court would be fully justified in dismissing a non-pauper complaint that is duplicative of prior federal court litigation then being pursued by the same plaintiff.

The instant suit is clearly duplicative of *Daley v. Young,* No. 2:10-cv- 40*,* filed in this court on January 8, 2010. Accordingly,

**IT IS RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as duplicative and malicious in accordance with the provisions of 28 U.S.C. §1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties

aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Lake Charles, Louisiana, this 6th day of December, 2010.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE