## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | |
|---|---|
| DAMEON DALEY<br>FED. REG.#03558-017 | CIVIL ACTION NO: 2:10-cv-0040<br>MEMBER CASE NO: 2:10-cv-298 |
| VS. | SECTION P |
| J.P. YOUNG, ET AL | JUDGE MINALDI<br>MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Dameon Daily, a prisoner in the custody of the Federal Bureau of Prisons (BOP), filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 on January 8, 2010 [1] Doc. 1. He is currently incarcerated at USP-Lewisburg (USPL), Lewisburg, Pennsylvania and complains of events that occurred while he was incarcerated at the Federal Correctional Complex, Victorville (FCC-V), California. Doc. *7. However, at the time of filing this matter, he was incarcerated at the Federal Correctional Institute, Oakdale (FCI-O), Louisiana.[2] Doc. 1.

Petitioner names FCIO Warden J.P. Young, Harley Lappin, and the BOP as his defendants herein. *Id.* Petitioner challenges prison disciplinary proceedings that resulted in the forfeiture of good time credits and other sanctions. *Id.* More specifically, he claims that his due process rights were violated in regard to both proceedings and the sanctions imposed therein. *Id.*

---

[1] On February 11, 2010, petitioner filed civil action no. 10-298, which was another petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. Upon review of both matters, this court determined that 10-40 and 10-298 arose from a common incident and that the penalties in both cases were the same. Further, petitioner alleged similar violations of due process in both petitions and there were common questions of law and fact. Thus, the court consolidated the suits. *See Daley v. Young*, No. 10-298 (W.D. La. Feb. 24, 2011), ECF No. 13. References to the member case will be marked with an asterisk (*).

[2] Jurisdiction must be judged as of the time a petition is filed. *Lee v. Wetzel*, 244 F.3d 370, 375 n. 5 (5th Cir. 2001). Since petitioner was incarcerated in this district when he filed his petition, jurisdiction and venue over his § 2241 petition are proper. *See id.*; 28 U.S.C. § 2241(d).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

*Background*

On March 11, 2009, while incarcerated at USP Victorville, California, the petitioner was involved in an altercation with another inmate. Doc. 8. As a result of this altercation, two separate disciplinary reports were issued. One report charged petitioner with fighting and being in an unauthorized area. Doc. 8, p. 11 [hereinafter Report 1]. The other report charged him with the possession, manufacture and introduction of a weapon. Doc. *10, p. 11 [hereinafter Report 2]. Collectively, the incident reports filed by petitioner show that on March 11, 2009, he was found fighting with another inmate and was also in an unauthorized area. At the time of the fight, petitioner had possession of a weapon. Petitioner was given notice of the charges and was advised of his rights. The disciplinary hearing officer's (DHO) hearing in regard to Report 1 was conducted on March 23, 2009; the disciplinary hearing officer's (DHO) hearing in regard to Report 2 was conducted on March 18, 2009. The DHO found that petitioner had committed the acts as charged, and petitioner was sanctioned with 27 days of disallowed good conduct time (Report 1) and 40 days of disallowed good conduct time (Report 2), as well as disciplinary segregation. Additional sanctions were imposed but suspended. According to petitioner, he gave the following statement in regard to Report 1: "I have no reason to doubt that I was involved in a fight of some kind based on the injury to my face. I however have no memory of ever being involved in a fight quite possibly due to medical issue I have been experiencing recently." Doc. 8, p. 21. In finding that petitioner was guilty as charged, the DHO relied on the incident report(s) and investigation(s) as well as the inmate injury assessments and the staff memoranda. The evidence used in making this finding was outlined as follows: The inmate's due process rights were read and reviewed by the DHO to the inmate. The DHO confirmed the inmate received a copy of his

incident report, did not want to call any witnesses and did not want a staff representative. The inmate understood his due process rights, and was ready to proceed with the DHO hearing:

> The DHO finds inmate Dameon DALEY committed the prohibited act of Fighting . . . . The DHO relies upon the reporting officer's statement which indicates at approximately 12:15 p.m., on March 11, 2009, the reporting officer observed inmate Dameon DALEY . . . and inmate Tyrone MCDANIELS, striking each other with closed fists . . . . The DHO relies upon the inmate injury assessment and followup forms, which depict injuries consistent with being in a fight. Additionally, during the evaluation process, inmate Dameon DALEY . . . was questioned as to how he received the injuries. He stated, "he had a little disagreement."
>
> The DHO relies upon the responding staffs' memoranda that support the reporting officer's observations.
>
> Based upon these facts, and greater weight of the evidence, the SHO is convinced inmate Dameon DALEY . . . was fighting . . . .

Doc. 8, p. 18.

Although petitioner did not provide the same documentation in regard to Report 2, it should be noted that the DHO report states "[t]he disallowance of good conduct time and disciplinary segregation sanction were imposed based on the severity of the offense. The SHO did not execute your suspended sanctions, because this was the same incident that you were sanctioned on regarding incident [Report 2]." *Id.* at p. 19.

On January 8, 2010 and February 11, 2010, petitioner filed the complaints in 10-0040 and 10-298, respectively. Doc. 1; Doc. *1. On December 6, 2010, the court issued a memorandum order in 10-0040 instructing plaintiff to amend his petition and provide documents in support of his claims. Doc. 7. Petitioner complied with the order on January 7, 2011. Doc. 8. Further, on December 6, 2010, the court, in Case No. 10-0298, issued a report and recommendation. Doc. *8. Petitioner objected to the report and recommendation. Doc. *10. The court granted petitioner's objections to the extent that it consolidated the matters. Doc. *13.

*Law and Analysis*

Petitioner seeks to have the incident report(s) expunged based on policy, procedural, and due process violations. He is also seeking the restoration of those lost good time credits.

Federal prisoners have liberty interests in their accumulated good-time credit. *See Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000). Since petitioner lost good time credits, the analysis approved by the Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539 (1974) and *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445 (1985) govern this review of the contested disciplinary proceeding.

In *Wolff*, the Court held, although the rights of a prisoner ". . . may be diminished by the needs and exigencies of the institutional environment, a prisoner is not wholly stripped of constitutional protections when he is imprisoned for crime." Nevertheless "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 555-556. Accordingly, in order for a prison disciplinary proceeding to comport with the requirements of due process the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation; (2) an opportunity to present evidence, (3) written findings in support of the ruling, and (4) the requirement that upon review, "some evidence" supports the ruling. *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 454 (1985).

In *Hill*, 472 U.S. 445, 457 (1985), the Supreme Court provided guidance regarding the "some evidence" standard of review for federal courts to apply in their assessment of prison disciplinary decisions involving the loss of good conduct time credits. According to the Court, the requirements of due process are met, and the decision of the prison discipline officer must be upheld, if there is "some evidence" to support the decision. The process to be used by the reviewing court was further described as follows:

Ascertaining whether this standard is satisfied does not require examination of the

4

entire record, independent assessment of the credibility of witness, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

*Id.* at 455-56.

Once the reviewing court determines there is "some evidence" to support the finding of the DHO, the court must reject the evidentiary challenges by the petitioner and uphold the finding of the DHO. *See Id.* at 457. "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." *Id.* at 456.

The exhibits provided by petitioner, including the BOP's Discipline Hearing Officer Report and Incident Reports, establish beyond any doubt that petitioner received adequate notice of the alleged violations; that he was afforded the opportunity to present evidence; and that written findings in support of the ruling were provided. In other words, the exhibits establish that petitioner was afforded all the process he was due under *Wolff*. *See McMahon v. Tamez*, No. 10-10542, 2011 WL 280843 (5th Cir. Jan. 28, 2011).

Further, the exhibits establish that there was some if not ample evidence of guilt sufficient to satisfy the standard enunciated in *Hill*.[3] *See Williams v. Quarterman*, No. 08-0394, 2009 WL 186022 (N.D. Tex. Jan. 23, 2009).

In short, petitioner has not shown that he was deprived of liberty without due process; therefore, he has failed to state a claim for which relief may be given and dismissal of his petition on that basis is appropriate.

---

[3]As provided in *Hill*, the Court, in assessing whether "some evidence" supports the disciplinary conviction, is not required to assess the credibility of the witnesses who provided evidence at the DHO hearing. *See Brown v. Johnson*, No. 00-0232, 2001 WL 183003, *5 (N.D. Tex. Jan. 23, 2001).

*Conclusion*

Considering the foregoing, **IT IS RECOMMENDED** that this petition (inclusive of 10-0040 and 10-0298) for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** for failing to state a claim for which relief might be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by FED. R. CIV. PROC. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 9th day of May, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE